IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
3:16cv821

| | |
|---|---|
| BERNADETTE C. MOHAMED, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> NANCY A. BERRYHILL, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's claim for social security disability benefits. This case came before the Court on the administrative record and the parties' Motions for Summary Judgment [# 11 & # 13]. The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 13] and **DENY** the Motion for Summary Judgment [# 11].

I. **Procedural History**

Plaintiff filed an application for disability benefits and supplemental security income on February 28, 2013. (Transcript of Administrative Record ("T.") 212-24.) Plaintiff alleged that she became disabled beginning December 27, 2012. (T. 212,

-1-

219.) The Social Security Administration denied Plaintiff's claim, finding that she was not disabled. (T. 125-29.) Plaintiff requested reconsideration of the decision, which was also denied. (T. 130-41.) A disability hearing was then held before an Administrative Law Judge ("ALJ"). (T. 33-66.) The ALJ then issued a decision finding that Plaintiff was not disabled. (T. 17-24.) Subsequently, the Appeals Council denied Plaintiff's request for review of the decision. (T. 1-6.) Plaintiff then timely brought this action seeking review of the Commissioner's decision.

## II. Standard for Determining Disability

An individual is disabled for purposes of receiving disability payments if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A); see also Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). The Commissioner undertakes a five-step inquiry to determine whether a claimant is disabled. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). Under this inquiry, the Commissioner must consider in sequence: (1) whether a claimant is gainfully employed; (2) whether a claimant has a severe impairment that significantly limits his ability to perform basic work-related functions; (3) whether the claimant's impairment meets or exceeds the listing of

-2-

Case 3:16-cv-00821-MOC-DLH   Document 15   Filed 10/04/17   Page 2 of 13

impairments contained in Appendix I of 20 C.F.R. Part 404, subpart P; (4) whether the claimant can perform his past relevant work; (5) whether the claimant is able to perform any other work considering his age, education, and residual functional capacity. Mastro, 270 F.3d at 177; Johnson, 434 F.3d at 654 n.1; 20 C.F.R. § 404.1520.

At the first two steps, the burden is on the claimant to make the requisite showing. Monroe v. Colvin, 826 F.3d 176, 179 (4th Cir. 2016). If a claimant fails to satisfy his or her burden at either of these first two steps, the ALJ will determine that the claimant is not disabled and the process comes to an end. Mascio v. Colvin, 780 F.3d 632, 634-35 (4th Cir. 2015). The burden remains on the claimant at step three to demonstrate that the claimant's impairments satisfy a listed impairment and, thereby, establish disability. Monroe, 826 F.3d at 179.

If the claimant fails to satisfy his or her burden at step three, however, then the ALJ must still determine the claimant's residual functional capacity ("RFC"). Mascio, 780 F.3d at 635. After determining the claimant's RFC, the ALJ proceeds to step four in order to determine whether claimant can perform his or her past relevant work. Id. The burden is on the claimant to demonstrate that he or she is unable to perform past work. Monroe, 826 F.3d at 180. If the ALJ determines that a claimant is not cable of performing past work, then the ALJ proceeds to step five.

Mascio, 780 F.3d at 635.

At step five, the ALJ must determine whether the claimant can perform other work. Id. The burden rest with the Commissioner at step five to prove by a preponderance of the evidence that the claimant is capable of performing other work that exists in significant numbers in the national economy, taking into account the claimant's RFC, age, education, and work experience. Id.; Monroe, 826 F.3d at 180. Typically, the Commissioner satisfies her burden at step five through the use of the testimony of a vocational expert, who offers testimony in response to a hypothetical from the ALJ that incorporates the claimant's limitations. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180. If the Commissioner satisfies her burden at step five, then the ALJ will find that a claimant is not disabled and deny the application for disability benefits. Mascio, 780 F.3d at 635; Monroe, 826 F.3d at 180.

### III. The ALJ's Decision

In her June 22, 2015, decision the ALJ found that Plaintiff was not disabled under Sections 216(i) and 233(d) of the Social Security Act. (T. 24.) The ALJ made the following specific findings:

(1) The claimant meets the insured status requirements of the Social Security Act through December 31, 2017.

(2) The claimant has not engaged in substantial gainful activity

since December 27, 2012, the alleged onset date (20 CFR 404.1571 *et seq.*, and 416.971 *et seq.*).

(3) The claimant has the following severe impairments: Hypothyroidism, diabetes mellitus, neuropathy, anemia and cardiomyopathy (20 CFR 404.1520(c) and 416.920(c)).

(4) The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).

(5) After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a).

(6) The claimant is capable of performing past relevant work as a data entry clerk, an order clerk, and as a claims clerk. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

(7) The claimant has not been under a disability, as defined in the Social Security Act, from December 27, 2012, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).

(T. 19-24.)

**IV. Standard of Review**

Section 405(g) of Title 42 provides that a plaintiff may file an action in federal court seeking judicial review of the Commissioner's denial of social security benefits. Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The scope of

judicial review, however, is limited. The Court "must uphold the factual findings of the Secretary if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also Monroe, 826 F.3d at 186. "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Craig, 76 F.3d at 589 (internal quotation marks omitted). It is more than a scintilla but less than a preponderance of evidence. Id. When a federal district court reviews the Commissioner's decision, it does not "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary." Id. Accordingly, the issue before the Court is not whether Plaintiff is disabled but, rather, whether the Commissioner's decision that she is not disabled is supported by substantial evidence in the record, and whether the ALJ reached her decision based on the correct application of the law. Id.

## V. Analysis[1]

### A. Plaintiff's Mental Limitations

At steps two and three, the ALJ considered Plaintiff's mental impairments but found that the impairments were not severe because they did not impair "her

---

[1] Rather than separately set forth the facts in this case, the Court has incorporated the relevant facts into its legal analysis.

ability to perform work-related activities in any way." (T. 20.) As to Plaintiff's depression, the ALJ found that Plaintiff had no limitations in daily living and social function and only mild limitations in concentration, persistence or pace; Plaintiff had no episodes of decompensation. (Id.) Despite finding that Plaintiff's mental impairments were not severe, the ALJ again considered Plaintiff's depression in determining Plaintiff's RFC but determined that Plaintiff's alleged memory loss related to her depression was inconsistent with Plaintiff's medical treatment. (T. 21-22.)

As a threshold matter, the findings of the ALJ as to Plaintiff's mental impairments are supported by substantial evidence in the record. As the ALJ properly concluded, the record does not reflect that Plaintiff's mental impairments impact her ability to perform work related activities or that such impairments warrant imposing any additional mental restrictions in the RFC. Moreover, the ALJ did not run afoul of Mascio, which addressed a finding by an ALJ that a claimant had moderate limitations in concentration, persistence, or pace at step three, not mild limitations. 780 F.3d at 638; see also Roberson v. Colvin, Docket No. 3:15-cv-00570, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) (Cogburn, J.) ("First, this case is distinguishable from Mascio, which dealt with a finding of 'moderate' limitation, not mild limitations as Plaintiff suffers here.") Here, like in Roberson,

the ALJ found only mild limitations in concentration, persistence or pace and, thus, Mascio is inapplicable. (T. 20.) Finally, the ALJ explicitly found that Plaintiff's depression and memory loss did not "in any way" impact Plaintiff's ability to perform work related activities. (T. 20.) The Court finds that the ALJ did not err in assessing Plaintiff's mental impairments.

### B. The RFC Determination is Supported by Substantial Evidence in the Record

Residual functional capacity is an administrative assessment made by the Commissioner as to what a claimant can still do despite his or her physical or mental limitations. SSR 96-8p, 1996 WL 374184 (Jul. 2, 1996); 20 C.F.R. §§ 404.1546(c); 404.946(c). In assessing a claimant's residual functional capacity, the ALJ will consider all of the claimant's medically determinable impairments, including those that are not severe. 20 C.F.R. § 404.1545(a)(2). The residual capacity assessment is based on the all the relevant medical and other evidence in the record. 20 C.F.R. § 404.1545(a)(3). In determining a claimant's residual functional capacity, the ALJ must identify the claimant's functional limitations or restrictions and assess the claimant's work-related abilities on a function-by-function basis. SSR 96-8p. After conducting this function-by-function examination, the ALJ may then express the RFC in terms of an exertion category such as light or medium. Id. The ALJ's assessment must include a narrative

discussion detailing how the evidence in the record supports his or her conclusion. Id.

The ALJ found that Plaintiff has the RFC to perform the full range of sedentary work as defined in 20 CFR 404.1567(a) and 20 CFR 416.967(a). (T. 21.) Plaintiff contends that the ALJ erred by not imposing additional limitations in the RFC because of Plaintiff's chronic diarrhea. The Court finds that the ALJ's determination that Plaintiff's diarrhea did not warrant additional limitations in the RFC is supported by substantial evidence in the record.

In her decision, the ALJ found that "[a]lthough the record contains multiple notations that the claimant has complained of intermittent bouts of diarrhea and abdominal pain related to malabsorption subsequent to the gastric bypass procedure, there is no longitudinal treatment record to confirm the symptoms." (T. 23.) At the hearing, Plaintiff's representative also questioned Plaintiff regarding her diarrhea. (T. 58-59.) While it is undisputed that the medical records reflect that Plaintiff had bouts of diarrhea, Plaintiff has failed to set forth any longitudinal records that establish symptoms that would translate into a functional limitation. Moreover, the records reflect that Plaintiff's diarrhea was controlled with the medication Wellcol or disappeared upon hospitalization. (See e.g. T.417-421; 528, 551, 624

-9-

Case 3:16-cv-00821-MOC-DLH   Document 15   Filed 10/04/17   Page 9 of 13

In short, Plaintiff has failed to demonstrate that the findings of the ALJ were not supported by substantial evidence in the record.

## C. The Opinion of the State-Agency Consultants

Plaintiff contends that the ALJ did not expressly consider the opinions of the State agency consultants contained in the record. The Commissioner acknowledges that the ALJ erred by failing to explicitly evaluate the opinions of the State agency consultants but contends that the error was harmless. The Court agrees with the Commissioner that any error by the ALJ in not expressly considering the opinions of the State agency consultants in the decision was harmless.

The State agency consultants opined that Plaintiff could perform light work with various postural and environmental limitations. (See T. 75-77, 88-90, 104-06.) The ALJ, however, found that Plaintiff could perform the full range to sedentary work. (T. 21.) The ALJ did not impose any additional postural or environmental limitations. (T. 21-23.) Any error by the ALJ in not expressly addressing these opinions in reaching her determination that Plaintiff could perform the full range of sedentary work was harmless in this case because none of the jobs identified by the vocational expert at step four – data entry clerk, order clerk, and claims clerk – contain postural or environmental limitations inconsistent with the limitations opined by the State agency consultants. See Dictionary of Occupational Titles

203.582-054 (4th ed. 1991); Dictionary of Occupational Titles 249.362-026 (4th ed. 1991); Dictionary of Occupational Titles 205.367-018 (4th ed. 1991). Moreover, as the Social Security Ruling explains:

> Postural limitations or restrictions related to such activities as climbing ladders, ropes, or scaffolds, balancing, kneeling, crouching, or crawling would not usually erode the occupational base for a full range of unskilled sedentary work significantly because those activities are not usually required in sedentary work.

SSR 96-9p, 1996 WL 374185, at *6 (July 2, 1996). Similarly, few occupations in the sedentary occupational base require work in environments that would require additional environmental restrictions. Id. at *9. Because the Court finds that remand for the ALJ to explicitly evaluate the opinions of the State agency consultants could not lead to the ALJ finding that Plaintiff was entitled to disability benefits, the Court finds that any error was harmless and remand is not required. The Court, therefore, **RECOMMENDS** that the District Court **GRANT** the Commissioner's Motion for Summary Judgment [# 13].

## VI. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the Motion for Summary Judgment [# 13], **DENY** the Motion for Summary Judgment [# 11], and **AFFIRM** the decision of the Commissioner.

Signed: October 4, 2017

*Dennis L. Howell* (signature)

Dennis L. Howell
United States Magistrate Judge

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(c), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen** (**14**) days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).