| | | |
|---|---|---|
| **BERNADETTE C. MOHAMED,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **NANCY A. BERRYHILL, Acting Commissioner** | ) | |
| **of Social Security,** | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on plaintiff's Objections (#16) to the Memorandum and Recommendation of Honorable Dennis L. Howell, United States Magistrate Judge. In the Memorandum and Recommendation, the magistrate judge advised the parties of the right to file objections within 14 days, all in accordance with 28 U.S.C. § 636(b)(1)(c). The plaintiff has filed objections within the time allowed.

## I.     Introduction

The *Federal Magistrates Act of 1979*, as amended, provides that "a district court shall make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). However, "when objections to strictly legal issues are raised and no factual issues are challenged, *de novo* review of the record may be dispensed with." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Similarly, *de novo* review is not required by the statute "when a party makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations." Id. Moreover, the statute

does not on its face require any review at all of issues that are not the subject of an objection. Thomas v. Arn, 474 U.S. 140, 149 (1985); Camby v. Davis, 718 F.2d at 200. Nonetheless, a district judge is responsible for the final determination and outcome of the case, and accordingly the court has carefully reviewed the magistrate judge's recommendation.

## II.     Plaintiff's Objections

Subsequent to Magistrate Judge Howell's Memorandum and Recommendation (#15), plaintiff timely filed her objections (#16). Specifically, plaintiff raises two objections, to wit, that the ALJ failed to properly and fully assess plaintiff's mental residual functional capacity ("RFC") and that the ALJ did not properly explain the effect of plaintiff's diarrhea on her RFC.

### a.     The ALJ's assessment of plaintiff's mental RFC

Plaintiff argues that the ALJ failed to properly assess plaintiff's mental RFC, contending that the ALJ's failure to assess plaintiff's ability to stay on task fatally damages the ALJ's assessment of plaintiff's mental RFC, as the ability to stay on task is closely correlated with limitations in concentration, persistence, and pace. As a result, plaintiff argues that remand is required. Plaintiff cites Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015) for this proposition, where the Fourth Circuit Court of Appeals held that "only the ability to stay on task" can "account for a claimant's limitation in concentration, persistence, or pace." Mascio, 780 F.3d at 638. However, the Mascio decision focused on a claimant with moderate limitations in concentration, persistence, or pace. Id.; see also Roberson v. Colvin, 2016 WL 5844148, at *6 (W.D.N.C. Oct. 4, 2016) ("First, this case is distinguishable from Mascio, which dealt with a finding of 'moderate' limitation, not mild limitations as Plaintiff suffers here.").

Here, the ALJ explicitly noted that plaintiff had only "mild" limitations in concentration, persistence, and pace, as part of her overall analysis of plaintiff's mental RFC and her findings that plaintiff's mental impairment is non-severe. (Tr. 20). Thus, Mascio does not control. Nevertheless, the ALJ took plaintiff's mild limitations into account when she considered plaintiff's depression and alleged memory loss, finding that such limitations were outweighed by evidence in the record of plaintiff's ability to carry out activities of daily living, including performing household chores and concentrating on television programs. (Tr. 21-22).

After careful review, the court concludes that the ALJ adequately discussed her findings and cited to the substantial evidence which informed her conclusions. As discussed, explicit analysis of the ability to stay on task is not necessary where the challenged limitations are determined to be mild and they are otherwise included in the RFC assessment. As a result, the court will overrule the objection and affirm the magistrate judge's findings.

   *b. The ALJ's assessment of plaintiff's diarrhea and its effects on her RFC*

Plaintiff's second objection focuses on the ALJ's supposedly sparse analysis of plaintiff's chronic diarrhea in assessing plaintiff's RFC. Plaintiff objects to the magistrate judge's recommendation, arguing that the ALJ had before her a wealth of evidence in the record of plaintiff's diarrhea, and in barely discussing it, the ALJ did not properly assess plaintiff's RFC.

The magistrate judge's task was not to re-weigh the evidence presented to the ALJ, but to determine whether the ALJ's findings were supported by substantial evidence. See Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). Generally, failure to consider an entire line of evidence falls well below the minimal level of articulation required. Diaz v. Chater, 55 F.3d 300, 307 (7th Cir. 1995). However, an ALJ is not tasked with the "impossible burden of mentioning every piece of evidence"

that may be placed into the Administrative Record.  Phipps v. Colvin, No. 3:13-CV-00315-MOC, 2014 WL 31798, at *2 (W.D.N.C. Jan. 6, 2014).

Review of the ALJ's decision reveals that she did not neglect an entire line of evidence and did indeed account for it in assessing plaintiff's RFC. Specifically, the ALJ found that "[a]lthough the record contains multiple notations that the claimant has complained of intermittent bouts of diarrhea and abdominal pain related to malabsorption subsequent to the gastric bypass procedure, there is no longitudinal treatment record to confirm the symptoms." (Tr. 23).  In arguing that such analysis was sparse, plaintiff takes issue with the analysis quantitatively; however, such analysis suffices qualitatively as it provides this reviewing court with the precise reason the ALJ  did not provide such symptoms greater weight in the RFC analysis.

Careful review of the Memorandum and Recommendation and the ALJ's decision reveals that the ALJ adequately addressed plaintiff's chronic diarrhea.  It appearing that such conclusions are supported by substantial evidence in the record, it is not the province of the court to re-weigh that evidence. Craig, 76 F.3d at 589.  As to the brevity of the ALJ's determination on such issue, the Commissioner simply has no duty to explain in exhausting detail every aspect of what is a considerable record. Phipps, 2014 WL 31798 at *2. Rather, the ALJ must "build an accurate and logical bridge from the evidence to [her] conclusion." Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016). Here, the court agrees that the ALJ has done so in a very precise manner and will overrule the plaintiff's objection and affirm Judge Howell's recommendation.

### III.     Conclusion

After such careful review, the court determines that the recommendation of the magistrate judge is fully consistent with and supported by current law. Further, the factual background and

recitation of issues is supported by the applicable pleadings. Based on such determinations, the court will fully affirm the Memorandum and Recommendation and grant relief in accordance therewith.

**ORDER**

**IT IS, THEREFORE, ORDERED** that the plaintiff's Objections (#16) are **OVERRULED**, Memorandum and Recommendation (#15) is **AFFIRMED**, defendant's Motion for Summary Judgment (#13) is **GRANTED**, and plaintiff's Motion for Summary Judgment (#11) is **DENIED**.

Signed: November 14, 2017

Max O. Cogburn Jr.
United States District Judge